IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, LLC, a Delaware limited liability company; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; and ZOMBA RECORDING LLC, a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>  v.<br><br>DOES 1-4,<br><br>    Defendants.<br>_____/ | No. 2:08-CV-01184 JAM KJM<br><br><u>Order Granting Ex Parte Application</u> |

The matter before the Court is Plaintiffs' *Ex Parte* Application ("Application") seeking leave of Court to take

1

expedited discovery.  Upon review of the Application and the applicable law, the Court GRANTS the motion.  Plaintiffs have demonstrated good cause for the expedited discovery they seek, as the information is not only relevant but critical to the prosecution of Plaintiffs' claims.  See Semitool, Inc. v. Tokyo Electron America Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) (expedited discovery is appropriate when good cause is shown); see also Arista Records LLC v. Does 1-43, 2007 WL 4538697, *1-2 (S.D. Cal. 2007) (expedited discovery appropriate where plaintiffs sought to identify true identities of Doe Defendants who allegedly downloaded plaintiffs' copyrighted works and/or distributed copyrighted works to the public).  This litigation cannot go forward without the true identities of the Defendants.  Therefore, Plaintiffs' request for expedited discovery is granted, subject to the following limitations.

   Plaintiffs may serve immediate discovery on the University of California, Davis to obtain the true identity of each Doe Defendant by serving a Rule 45 subpoena that is limited to information sufficient to identify each Doe Defendant, including each defendant's name, current and permanent addresses and telephone numbers, e-mail addresses, and Media Access Control addresses for each Defendant.  Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by

Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

The disclosure of this information is ordered pursuant to 20 U.S.C. § 1232(g)(b)(2)(B).  Consistent with the provision, if and when the University of California, Davis is served with a subpoena, it shall, within five business days, give written notice to the subscribers whose identities are to be disclosed in response to the subpoena.  Such written notice may be achieved by messages sent via electronic mail.  If the University of California, Davis, and/or any defendant wishes to move to quash the subpoena, they shall do so before the return date of the subpoena.  If a timely motion to quash is filed, University of California, Davis shall nonetheless preserve any subpoenaed information pending the resolution of such motion. Plaintiffs shall provide University of California, Davis with a copy of this Order along with its subpoena.

For the reasons stated above, Plaintiff's Application seeking leave to take expedited discovery is GRANTED.

IT IS SO ORDERED.

Dated:  May 30, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE